# In the United States Court of Federal Claims

No. 25-1597
(Filed: 18 August 2026)
NOT FOR PUBLICATION

************************************
ADERINOLA H. OSIFESO, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
************************************

*Aderinola H. Osifeso,* plaintiff, *pro se.*

*Brett A. Shumate*, Assistant Attorney General, *Patricia M. Mccarthy*, Director, *Steven Michael Mager*, Assistant Director, and *Alexander Brewer*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice.

**ORDER**

**HOLTE, Judge.**

*Pro se* plaintiff Aderinola H. Osifeso filed a complaint against the United States alleging breach of an implied-in-fact contract and claiming military pay and military disability pay. Plaintiff alleges an implied-in-fact contract was formed when a Sexual Assault Response Coordinator informed plaintiff she would receive monetary compensation from the government for civil damages related to an assault on plaintiff by a superior officer while plaintiff was serving in the United States Marine Corp. Additionally, plaintiff seeks additional monetary relief allegedly owed to her under statutes and regulations "governing service-connected disability, military pay, and federally mandated compensation obligations." The government moved to dismiss all of plaintiff's claims for lack of jurisdiction and failure to state a claim. For the reasons below, the Court grants the government's Motion to Dismiss.

## I. Factual and Procedural History

On 25 September 2025, *pro se* plaintiff, Aderinola H. Osifeso, filed her action against the United States seeking "infinity dollars and infinity cents" in monetary compensation promised to her by a Sexual Assault Response Coordinator ("SARC") and monetary compensation for injuries sustained when she was assaulted by service members while serving in the United States

Marine Corps. *See* Compl., ECF No. 2. Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP") on 10 October 2025, which the Court denied on 15 October 2025. *See* Pl.'s Mot. for Leave to Proceed IFP, ECF No. 7; Order Den. Pl.'s Mot. for Leave to Proceed IFP, ECF No. 8. On 20 January 2026, the government filed its Motion to Dismiss pursuant to Rule 12(b)(1), *see* Gov't First Mot. to Dismiss, ECF No. 14, and plaintiff filed her Response to Motion to Dismiss on 30 January 2026, *see* Pl.'s Resp. to Mot. to Dismiss, ECF No. 15. In plaintiff's Response, plaintiff included a separate motion for leave to amend the complaint. *See id.* at 6–9. The Court granted plaintiff's motion to amend because plaintiff filed the Response/Motion within 21 days of the government's Motion to Dismiss, so the motion came within the time for plaintiff to amend her Complaint as of right under Rule 15(a)(1)(B) of the Rules of the Court of Federal Claims ("RCFC"). *See* Order Granting Mot. to Amend at 1, ECF No. 16.

Plaintiff filed an Amended Complaint on 9 February 2026. Pl.'s Am. Compl., ECF No. 17. The government filed a second Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) on 7 April 2026. *See* Gov't Mot. to Dismiss ("Gov't's MTD"), ECF No. 20. On 7 April 2026, plaintiff filed her response to the MTD. *See* Pl.'s Resp. to Gov't Mot. to Dismiss, ECF No. 21 ("Pl.'s Resp."). Finally, the government filed its reply to plaintiff on 21 April 2026. *See* Gov't's Reply to Pl.'s Resp. to Mot. to Dismiss, ECF No. 22 ("Gov't's Reply").

## II. Parties' Arguments

In her Amended Complaint, plaintiff alleges on 15 November 2010 she was sexually assaulted by a superior non-commissioned officer while on active-duty service in the United States Marine Corp. Am. Compl. at 1. According to plaintiff, she immediately reported the assault, which culminated in "a Sexual Assault Response Coordinator ("SARC"), acting in an official capacity and under color of federal authority, inform[ing] [p]laintiff [in September 2013] that she would receive monetary compensation for civil damages related to the assault". *Id.* at 2. Plaintiff alleges she "reasonably relied on this representation as an official commitment made by the United States." *Id.* But plaintiff asserts she never received the compensation and suffered "significant career and economic harm" from the assault and the government's failure to provide the compensation. *Id.* Consequently, plaintiff claims the SARC's representation she would be paid, together with plaintiff's acceptance and reliance on this representation, created an implied-in-fact contract between plaintiff and the government, which was breached by the government's non-payment. *Id.* at 2–3.

Further, plaintiff alleges she was separated from the military in August 2014 and was deemed 100% service-connected disabled by the Department of Veterans Affairs in July 2020. *Id.* at 2. She claims her injuries and separation are covered by military pay and service-connected disability "statutes and regulations" mandating monetary compensation. *Id.* at 3. Accordingly, plaintiff claims the government owes her monetary relief under these unspecified statutes and regulations. *Id.*

In its Motion to Dismiss, the government first argues plaintiff's complaint should be dismissed because her claims are barred under the Court of Federal Claims' six-year jurisdictional statute of limitations. Gov't's MTD at 3. Regarding plaintiff's breach of contract claim, the government argues the breach must have accrued "on or after September 25, 2019,"—

i.e., six years before the date plaintiff filed her Complaint—for the Court to have jurisdiction. *Id.* at 4. Because over twelve years have passed between the alleged promise of compensation and plaintiff's filing, and over eleven years between plaintiff's separation from the military and her filing, the government contends there is no way for plaintiff to meet the required six-year threshold for jurisdiction. *Id.* Likewise, the government argues if the Court "construes [plaintiff's] second count to plead a claim under the Military Pay Act," any such military pay claim is also barred by the six-year statute of limitations because non-disability military pay claims accrue upon discharge and over eleven years elapsed between plaintiff's separation and her filing. *Id.* Further, according to the government any military disability pay claim plaintiff might bring is barred because claims of entitlement to disability retirement pay do not accrue until the appropriate military board either finally denies such a claim or refuses to hear it. *Id.* at 6. The government asserts plaintiff's disability claim is therefore not ripe because she failed to identify any board that either denied or refused to hear her claims. *Id.*

Second, the government argues plaintiff's breach of contract claim should be dismissed because she fails to allege the requisite facts to establish the elements of an implied-in-fact contract. *Id.* at 7. The government cites Federal Circuit precedent as requiring proof of "(1) mutuality of intent, (2) consideration, (3) an unambiguous offer and acceptance, and (4) 'actual authority' on the part of the Government's representative to bind the Government in contract" to establish the existence of an implied-in-fact contract. *Id.* In the government's view: (1) plaintiff does not allege any facts supporting an inference the SARC intended to contract on behalf of the United States; (2) plaintiff does not allege she gave consideration; (3) no facts alleged by plaintiff show an unambiguous offer by the United States and acceptance by plaintiff; and (4) plaintiff does not allege facts showing the SARC possessed "actual authority" to bind the United States. *Id.* at 8. Accordingly, the government argues plaintiff "cannot establish that she entered into a contract with the United States with any individual who had actual authority to bind the United States and she fails to state a claim upon which relief can be granted." *Id.* at 9.

Finally, the government contends plaintiff's Complaint should be dismissed for failure to identify a money-mandating source of law. *Id.* at 10. As the government points out, the Tucker Act does not itself create a cause of action, and a plaintiff must identify a separate source of law creating a right to money damages to invoke the Court of Federal Claims' jurisdiction. *Id.* Therefore, because plaintiff only cites the Tucker Act in support of her monetary claims, the government contends her claims must be dismissed for failure to identify a money-mandating statute which gives the Court jurisdiction. *Id.*

In response to the government's Motion to Dismiss, plaintiff seeks leave to amend her complaint to provide greater specificity (even though the Court had previously let her amend her Complaint). Resp. Br. at 2. Plaintiff further cites her entitlement to liberal construal of her pleadings as a *pro se* plaintiff to argue her claims should not be dismissed, because they could potentially be cured through amendment. Further, plaintiff argues her breach of contract claim should not be dismissed as untimely because her amended complaint did not set forth the facts to "definitively determine[] from the current pleadings" whether plaintiff's claims are timely. *Id.* To support her implied-in-fact contract claim, plaintiff alleges she relied on the SARC's representation she would be compensated and argues the issue of the SARC's authority to bind the United States should not be decided at the pleading stage. *Id.* at 3. Finally, while

acknowledging her failure to "cite specific statutory authorities with the precision expected of counsel," plaintiff contends she "did identify compensation frameworks relating to service-connected disability, military pay, and federally mandated compensation obligations," and requests another opportunity to clarify statutory or regulatory bases for her claims. *Id.* at 4.

In its reply to plaintiff's claim of an implied-in-fact contract, the government asserts plaintiff "fail[ed] to meaningfully respond to our contention that she has failed to plausibly allege any aspect of a contract" and merely claims she can provide a sufficient answer in an amended complaint. Gov't's Reply at 2. Consequently, in the government's view, the Court should consider her argument waived and dismiss the breach of contract claim for failure to state a claim. *Id.* at 7. In its reply to plaintiff's request for leave to amend her complaint, the government asserts she has already amended her complaint once in response to the government's first motion to dismiss and has not provided any proposed amended complaint to the government or the Court. *Id.* The government contends the Court should deny plaintiff's request for leave to amend because she has not identified any facts she could allege to cure her complaint's deficiencies. *Id.* at 8–9.

## III. Applicable Law

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). Plaintiffs "bear the burden of establishing the court's jurisdiction by a preponderance of the evidence." *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016) (citing *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011)). If a motion to dismiss under the Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1) challenges jurisdictional facts alleged in the complaint, "the court may consider relevant evidence to resolve the factual dispute." *Schultz v. United States*, No. 08-889T, 2009 WL 3416453, at *2 (Fed. Cl. Oct. 21, 2009) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id*. (quoting *Trusted Integration*, 659 F.3d at 1163).

The Court of Federal Claims "is a court of limited jurisdiction." *Jentoft v. United States*, 450 F.3d 1342, 1349 (Fed. Cir. 2006) (citation omitted). Under the Tucker Act:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The act only extends jurisdiction to claims against the United States for money damages. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941). "When a complaint is filed alleging a Tucker Act claim based on a constitutional provision, statute, or regulation,"

the Court of Federal Claims "at the outset shall determine . . . whether the Constitutional provision, statute or regulation is one that is money mandating." *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005). "If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

Moreover, "the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). This Court's authority to grant relief in a contract dispute like the present case is limited by the extent to which the United States has waived sovereign immunity through the Tucker Act. *See* 28 U.S.C. § 1491; *Testan*, 424 U.S. at 399. Even if a plaintiff presents an otherwise cognizable claim, the Tucker Act bars any claims not "filed within six years after such claim first accrues." 28 U.S.C. § 2501. This statute of limitations expressly limits "the Tucker Act's waiver of sovereign immunity." *Hart v. United States*, 910 F.2d 815, 817 (Fed. Cir. 1990) (citing *Soriano v. United States*, 352 U.S. 270, 273–74 (1957)). The statute of limitations is an absolute, "jurisdictional" bar to claims filed outside of this six-year period. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008).

**B. Motion to Dismiss for Failure to State a Claim**

The Court must dismiss a complaint that fails to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). *See Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). To defeat a RCFC 12(b)(6) motion to dismiss, plaintiffs must show the complaint contains facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *TrinCo Inv. Co. v. United States*, 722 F.3d 1375, 1380 (Fed. Cir. 2013). This showing "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citation omitted). When the factual allegations of a complaint, even if true, do not support a claim for relief, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (ellipsis in original) (citation omitted); *see also Abbott Laby's. v. Brennan*, 952 F.2d 1346, 1354 (Fed. Cir. 1991) (stating dismissal "is appropriate if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (cleaned up)).

When evaluating a RCFC 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court "must accept as true all the factual allegations in the complaint . . . [and] indulge all reasonable inferences in favor of the non-movant." *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (citations omitted). The Court should not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### C. *Pro Se* Litigant Pleading Standards

*Pro se* litigants are granted greater leeway than parties represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding *pro se* complaints should be held to "less stringent standards than formal pleadings drafted by lawyers"). Despite such leeway, the Court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (first citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); and then citing *Biddulph v. United States*, 74 Fed. Cl. 765 (2006)). The *pro se* plaintiff—like any other plaintiff—must bear "the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). If a plaintiff acts *pro se*, this "may explain [] ambiguities [in filings], but it does not excuse [any] failures [in the petitioner's pleadings], if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## IV. Whether Plaintiff's Claims Are Timely

The Court assesses whether plaintiff's breach of contract, military pay, and disability pay claims are timely under the Court's six-year statute of limitations. Under the Tucker Act, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. "[T]he burden of establishing jurisdiction, including jurisdictional timeliness, must be carried by the [plaintiff]." *Alder Terrence, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998). Further, accrual of a claim "is determined under an objective standard[ so] a plaintiff does not have to possess actual knowledge of all the relevant facts in order for the cause of action to accrue." *Floorpro, Inc. v. United States*, 680 F.3d 1377, 1381 (Fed. Cir. 2012) (quotation omitted). Consequently, to establish this Court's jurisdiction over her claims, plaintiff must show by a preponderance of evidence her claims accrued—meaning plaintiff knew or should have known the relevant facts enabling her to bring a claim—within six years of the date she filed her complaint. *See Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016). The Court addresses plaintiff's breach of contract, military pay, and disability pay claims in sequence below.

### A. Breach of Implied-in-Fact Contract

The Court first addresses whether plaintiff's breach of contract claim is timely. Related to Count I—titled "Implied in Fact Contract"—plaintiff alleges, in full:

> On or about September 17, 2013, a Sexual Assault Response Coordinator ("SARC"), acting in an official capacity and under color of federal authority, informed Plaintiff that she would receive monetary compensation for civil damages related to the assault. The SARC's representations were made in the course of official duties pursuant to the military sexual assault response system. Plaintiff reasonably relied on this representation as an official commitment made by the United States. The United States did not provide the promised

> compensation. Plaintiff suffered significant career and economic harm as a result of the assault and the Government's failure to fulfill its obligations. Plaintiff was separated from military service on August 15, 2014.

Am. Compl. at 2. The government argues plaintiff's Complaint alleges the United States failed to provide plaintiff compensation "prior to her separation from military service on August 15, 2014," and thus any breach of contract claim "accrued at the latest on August 15, 2014." Gov't's MTD at 4. Plaintiff's Complaint does not state she was promised compensation prior to her separation from the military or at any specific time; it merely alleges she was promised compensation and did not receive it. *See* Am. Compl. at 2. It is thus impossible for the Court to determine from plaintiff's allegations exactly when plaintiff's breach of contract claim accrued. The burden to establish "jurisdictional timeliness," however, rests with plaintiff. *Alder Terrence*, 161 F.3d at 1377. Plaintiff concedes "the amended complaint does not fully set forth" the facts necessary to determine "when [p]laintiff knew or reasonably should have known that the promised compensation would be provided." Pl.'s Resp. at 2. Plaintiff instead argues "[b]ecause accrual presents as fact-dependent issue, dismissal at this stage is premature." *Id.* at 3. Plaintiff thus agrees her Amended Complaint fails to set forth the necessary facts for this Court to establish its subject matter jurisdiction, and plaintiff did not include any evidence with her Response to establish the accrual of her claims. Although litigants are granted greater leeway than parties represented by counsel, *see Haines*, 404 U.S. at 520–21, "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. at 253 (citing *Kelly*, 812 F. 2d at 1380). Plaintiffs, whether *pro se* or represented by counsel, may not circumvent the Court's inquiry into subject matter jurisdiction by failing to allege sufficient facts and then pleading the Complaint is too bare to establish their claims are untimely. Rather, it is a plaintiff's burden to establish these facts, whether by sufficient allegations or, if those allegations are challenged, by preponderance of the evidence. *See Acevedo*, 824 F.3d at 1368. Accordingly, plaintiff has failed to allege sufficient facts to carry her burden to establish "jurisdictional timeliness," and the Court dismisses plaintiff's claims for breach of contract for lack of jurisdiction. *Alder Terrence*, 161 F.3d at 1377; RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**B. Disability Pay**

The Court next determines whether, assuming plaintiff is making a claim for disability pay, plaintiff's claim for disability pay is timely. Plaintiff alleges she "was separated from military service on August 15, 2014," then "[o]n July 16, 2020, the Department of Veterans Affairs determined that Plaintiff was 100% service-connected disabled." Am. Compl. at 2. Plaintiff goes on to allege "[p]laintiff's injuries and separation from service implicate statutory and regulatory compensation frameworks governing service-connected disability, military pay, and federally mandated compensation obligations" and "[t]he United States failed to provide full monetary relief owed to Plaintiff under these frameworks." *Id.* at 3. Construing these allegations as a claim for disability pay, the government argues any such claim is "not ripe" because "[a] cause of action upon a claim for disability benefits first accrues when a service member seeks and is denied benefits from a board competent to grant such benefits" and "has identified no statutory board that denied or refused to hear a claim for disability benefits."

Gov't's MTD at 6. "[C]laims of entitlement to disability retirement pay generally do not accrue until the appropriate military board either finally denies such a claim or refuses to hear it." *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005). Neither plaintiff's Amended Complaint nor her Response alleges she brought a claim for disability benefits to any "appropriate military board" nor that any military board denied or refused to hear her claim. *See* Am. Compl.; Pl.'s Resp. Instead, all plaintiff alleges related to any disability claim is "[o]n July 16, 2020, the Department of Veterans Affairs determined that [p]laintiff was 100% service-connected disabled" and claims her "injuries and separation from service implicate statutory and regulatory compensation frameworks governing service-connected disability." Am. Compl. at 2. Plaintiff does not explain what money she is due connected to her disability nor allege any statutory board denied or refused to hear a claim; she merely states she was found to be disabled, but "[t]he United States failed to provide full monetary relief owed to plaintiff." Am. Compl. at 3. These bald allegations fail for two reasons: (1) They are insufficient for the Court to determine whether plaintiff has alleged a ripe claim for disability pay; and (2) they are insufficient for the Court to determine whether plaintiff's claim for disability pay is timely. In other words, the Court can neither tell whether plaintiff's claim has accrued at all and, even if it had, whether the claim is timely. *See Chambers*, 417 F.3d at 1224 ("[C]laims of entitlement to disability retirement pay generally do not accrue until the appropriate military board either finally denies such a claim or refuses to hear it."); 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."). Accordingly, plaintiff's allegations fail to carry her burden to establish the Court's subject matter jurisdiction and the Court dismisses plaintiff's claim for disability pay for lack of jurisdiction. *Alder Terrence*, 161 F.3d at 1377 ("[T]he burden of establishing jurisdiction, including jurisdictional timeliness, must be carried by the [plaintiff]."); RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### C. Military Pay

The Court next determines whether plaintiff's claim for military pay related to wrongful discharge is timely. Plaintiff alleges in her Amended Complaint she "was separated from military service on August 15, 2014." Am. Compl. at 2. Plaintiff further alleges her "injuries and separation from service implicate statutory and regulatory compensation frameworks governing service-connected disability, military pay, and federally mandated compensation obligations" and "[t]he United States failed to provide full monetary relief owed to Plaintiff under these frameworks." Am. Compl. at 3.

"In a military discharge case, [the Federal Circuit] and the Court of Claims have long held that the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (citing *Bowen v. United States*, 292 F.3d 1383, 1386 (Fed. Cir. 2002)). A claim for back pay, moreover, "accrues all at once at the time of discharge[ so]the claim for back pay is not a 'continuing claim' that accrues each time a payment would be due." *Id.* "If the plaintiff does not file suit within the six-year limitation period prescribed in 28 U.S.C. § 2501, the plaintiff loses all rights to sue for the loss of pay stemming from the challenged discharge." *Id.* Plaintiff alleges she was discharged from the military on 15 August 2014, *see* Am. Compl. at 2, which means her claim is time-barred

if not brought by August 2020 at the latest, *see Martinez*, 333 F.3d at 1303. Plaintiff filed this case on 25 September 2025, more than five years past the six-year deadline. *See* Compl., ECF No. 1. Accordingly, plaintiff's claim is time-barred and the Court lacks jurisdiction over plaintiff's claim for military pay related to wrongful discharge. *See Martinez*, 333 F.3d at 1303; RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## V. Whether Plaintiff Has Identified a Money-Mandating Source for Her Disability Pay and Military Pay Claims

Notwithstanding the Court's conclusion *supra* it lacks jurisdiction over plaintiff's claims because her allegations do not establish her claims are timely, the Court next determines whether plaintiff has properly identified a money-mandating source of law for her military and disability pay claims. To invoke the Court of Federal Claims' jurisdiction under the Tucker Act, plaintiff must invoke a money-mandating source of law. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) ("The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."). At the pleading stage, this requires plaintiff to make a "a non-frivolous allegation that the statute or regulation may be interpreted as money-mandating." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005); *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) ("The other source of law need not *explicitly* provide that the right or duty it creates is enforceable through a suit for damages, but it triggers liability only if it can fairly be interpreted as mandating compensation by the Federal Government." (emphasis in original) (quotation omitted)). In plaintiff's Amended Complaint, she alleges only: "Plaintiff's injuries and separation from service implicate statutory and regulatory compensation frameworks governing service-connected disability, military pay, and federally mandated compensation obligations. These statutes and regulations may fairly be interpreted as mandating monetary compensation by the United States when applicable criteria are met." Am. Compl. at 3. Nowhere in her Amended Complaint, however, does plaintiff identify any specific statute other than the Tucker Act, much less a statute or other source of law which may be interpreted as money-mandating. The Amended Complaint contains only conclusory, non-specific references to "statutory and regulatory compensation frameworks." *See id*. Plaintiff has therefore failed to carry her burden to establish the Court's jurisdiction under the Tucker Act by showing a money-mandating source for her claims. *See Fisher*, 402 F.3d at 1172. Accordingly, this failure to provide a money-mandating source for plaintiff's disability and military pay claims provides a further reason the Court lacks jurisdiction over those claims, which must be dismissed. *See Fisher*, 402 F.3d at 1172 ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages."); RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## VI. Whether Plaintiff Has Alleged the Elements of An Implied-In-Fact Contract

Next, the Court examines whether plaintiff has sufficiently alleged the elements of an implied-in-fact contract. Plaintiff alleges:

> "An implied-in-fact contract arose between Plaintiff and the United States when a federal representative, acting within the scope of official duties, promised Plaintiff monetary compensation in connection with her military sexual assault claim. Plaintiff accepted and relied upon this promise. The United States breached the implied-in-fact contract by failing to provide the promised compensation. Plaintiff suffered monetary damages as a result of the breach.

Am. Compl. at 2–3. An implied-in-fact contract requires: "(1) mutuality of intent to contract; (2) consideration; and, (3) lack of ambiguity in offer and acceptance;" and, when the United States is a party, (4) "actual authority" of the contracting representative "to bind the government in contract." *City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998) (citation omitted). "In short, an implied-in-fact contract arises when an express offer and acceptance are missing but the parties' conduct indicates mutual assent." *Id.* "Plaintiff has the burden to prove the existence of an implied-in-fact contract." *Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003). Plaintiff's allegations do not plausibly allege the Sexual Assault Response Coordinator plaintiff allegedly spoke to intended to form a contract with plaintiff. At most, construing plaintiff's allegations liberally, plaintiff claims she "accepted and relied upon" a promise from the coordinator of "monetary compensation" and "suffered monetary damages" when the United States did not "provide the promised compensation." Am. Compl. at 1–3. Such a claim is akin to a claim of promissory estoppel, over which this court lacks jurisdiction. *See Piotrowski v. United States*, 722 F. App'x 982, 985 n.1 (Fed. Cir. 2018) ("It is well established that the Court of Federal Claims does not have jurisdiction over such claims [as promissory estoppel]."). Likewise, while plaintiff asserts she was promised money by the government, the Amended Complaint contains no facts plausibly alleging *mutual* consideration—i.e., a two-way exchange of benefits or promises. Instead, the Amended Complaint only alleges a one-way promise of payment. *See City of El Centro v. United States*, 922 F.2d 816, 821–22 (Fed. Cir. 1990) (holding no implied-in-fact contract existed stating "[a] second requirement for finding an implied-in-fact contract is consideration. The Government received none"). Further, plaintiff alleges no facts plausibly showing the coordinator plaintiff alleges promised compensation had any authority to bind the United States in contract. Plaintiff's Amended Complaint therefore fails to sufficiently allege the existence of an implied-in-fact contract. Accordingly, even if the Court possessed jurisdiction over plaintiff's contract claim, plaintiff has failed to state a claim upon which relief can be granted. *See City of Cincinnati*, 153 F.3d at 1377.

## VII. Plaintiff's Request to File a Second Amended Complaint

Buried within her Response to the Government's Motion to Dismiss, plaintiff requests leave to file another amended complaint "to plead . . . with greater specificity." *See* Pl's Resp. at 3. On 22 April 2026, plaintiff filed a deficient document titled "Second Amended Complaint," which appears to be a proposed amended complaint for which plaintiff was not granted leave to file. The Court, however, **ACCEPTS** plaintiff's 22 April 2026 deficient filing as a "Proposed Second Amended Complaint." As in her first Amended Complaint, plaintiff's proposed complaint alleges she "engaged with a Sexual Assault Response Coordinator" that "provided [plaintiff] with a specific and affirmative representation that compensation would be available to her" for her alleged sexual assault. Proposed Second Am. Compl. at 2. Although plaintiff's proposed second amended complaint alleges the coordinator made the promise through an

"official program structure" and "mutual intent to provide a benefit" existed, *id.* at 3, plaintiff does not allege any new facts with which the Court could determine the accrual or expiration of her contract claim. Instead, plaintiff provides a legal conclusion: "The government's failure [to provide compensation] was not immediately fixed or clearly final at the moment of plaintiff's discharge . . . but instead became apparent only after subsequent non-performance." *Id.* Even this legal conclusion still does not clarify when plaintiff's claim accrued or expired. *See Alder Terrence*, 161 F.3d at 1377 ("[T]he burden of establishing jurisdiction, including jurisdictional timeliness, must be carried by the [plaintiff]."). Likewise, plaintiff continues to allege "[f]ederal statutes and regulations governing military compensation and service-connected harm establish a framework under which monetary compensation is payable" and "plaintiff's circumstances fall within that framework." Proposed Second Am. Compl. at 4. Plaintiff still fails to identify any specific statute that provides a money-mandating basis for her disability or military pay claims. *See Fisher*, 402 F.3d at 1172 ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages."). Although the Court is bound to "freely give leave" to amend "when justice so requires," RCFC 15(a)(2), "it is settled that the grant of leave to amend the pleadings . . . is within the discretion of the trial court," *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971). "Futility of the proposed amendment is an adequate reason to deny leave to amend," *Cultor Corp. v. A.E. Staley Mfg. Co.*, 224 F.3d 1328, 1333 (Fed. Cir. 2000), as is "repeated failure to cure deficiencies by amendments previously allowed," *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, plaintiff's Second Amended Complaint, if plaintiff were allowed to file it, would fall to the same jurisdictional deficiencies as the First Amended Complaint, which were also the same deficiencies identified by the government in its first motion to dismiss. Plaintiff's proposed amendment is both futile and, given this is plaintiff's second attempt at amendment, presents a repeated failure to cure deficiencies. Accordingly, the Court **DENIES** plaintiff's request for leave to file a second Amended Complaint. *See Cultor Corp.*, 224 F.3d at 1333; *Foman*, 371 U.S. at 182.

## VIII. Plaintiff's Deficient Filings

Since 20 November 2025 plaintiff has made six additional deficient filings in this case. On 21 November 2025, plaintiff filed a document titled "Whitehouse contact form," showing plaintiff's requests to a White House comment line for permission to wear the medal of honor and for "$269,000,000,000,000." Also on 21 November 2025, plaintiff filed a document titled "Safe Version Document" where plaintiff appears to re-state her claims in a different format. On 25 November 2025, plaintiff filed a submission with two documents titled "Miscellaneous;" one document is a screen capture of the case docket page as of 24 November 2025, and the other appears to be a screen capture of a query on ChatGPT. On 22 April 2026, plaintiff made two deficient filings, one titled "Second Amended Complaint" which proposed an amended complaint and one titled "Plaintiff's Surreply Opposition to MTD."

Regarding the four 21 November 2025 and 25 November 2025 filings, there is no provision in the rules for filing any of these documents. Regarding the 22 April 2026 documents, the Court accepted plaintiff's second amended complaint filing as a proposed amended complaint, *see* Section VII, *supra*. The Court, however, did not grant leave for plaintiff to file a sur-reply opposing the government's Motion to Dismiss. Accordingly, the Court **REJECTS**

plaintiff's 21 November 2025 and 25 November 2025 deficient filings and plaintiff's 22 April 2026 deficient filing titled "Plaintiff's Surreply Opposition to MTD."

## IX. Conclusion

The Court has reviewed all of plaintiff's arguments, and to the extent any arguments are not discussed herein specifically, they are unclear, meritless, and unpersuasive. For the forgoing reasons, the Court **GRANTS** the government's Motion to Dismiss, ECF No. 20. The Clerk is **DIRECTED** to enter judgment accordingly. The Court **FINDS as MOOT** the government's Second Motion for Extension of Time, ECF No. 19. The Court **DIRECTS** the Clerk to **ACCEPT** plaintiff's 22 April 2026 filing titled "Second Amended Complaint" and docket the filing as "Plaintiff's Proposed Second Amended Complaint" and to **REJECT** plaintiff's 21 November 2026 deficient filings titled "Whitehouse contact form" and "Safe Version Document," plaintiff's 25 November filings titled "Miscellaneous," and plaintiff's 22 April 2026 deficient filing titled "Plaintiff's Surreply Opposition to MTD." The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this order would not be taken in good faith because plaintiff's claims as alleged are clearly outside the jurisdiction of the Court.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge